# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Arianne Cox<br>1829 Cypress Ridge Dr.<br>Orlando, FL 32825<br><br>      Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.<br>5620 Southwyck Blvd., Suite 206<br>Toledo, OH 43614<br><br>      Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT,<br>INVASION OF PRIVACY,<br>AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. In or around October 2007, during a telephone communication with Plaintiff regarding the debt, Defendant misrepresented itself as a law firm.

8. In or around the last week of October 2007, Defendant telephoned Plaintiff's neighbor ("Neighbor").

9. During this communication, Defendant disclosed that Plaintiff owed the debt.

10. On or around November 1, 2007, Plaintiff telephoned Defendant in response to the communication referenced immediately above.

11. During this communication, Defendant misrepresented that it was "perfectly legal" for Defendant to call Plaintiff's neighbors and disclose the debt.

12. On or around November 16, 2007, Defendant telephoned Plaintiff.

13. During this communication, Defendant yelled at Plaintiff to stop dodging Defendant's calls.

14. During this communication, Defendant threatened that Plaintiff needed to hire a lawyer.

15. On or around November 21, 2007, Plaintiff informed Defendant that Plaintiff was represented by an attorney for bankruptcy and provided the law firm's contact information.

16. Despite Plaintiff's notice, Defendant telephoned Plaintiff on or around November 29, 2007.

17. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

18. Defendant violated the FDCPA.

## <u>COUNT ONE</u>

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT NINE

### Invasion of Privacy by Intrusion upon Seclusion

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

37. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

38. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

39. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

40. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## COUNT TEN

### Invasion of Privacy by Public Disclosure of a Private Fact

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's nieghbor.

43. Defendant's disclosure of Plaintiff's debt to this person is highly offensive.

44. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

45. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

46. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c.  Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

    d.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: /s/ Jeffrey S. Hyslip
    Jeffrey S. Hyslip
    Bar # 0079315
    233 S. Wacker Dr., Suite 5150
    Chicago, IL 60606
    Telephone:  866-339-1156
    Email:  jsh@legalhelpers.com
    Attorneys for Plaintiff